**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA**

> ELECTRONICALLY
> FILED
> Jan 13 2021
> U.S. DISTRICT COURT
> Northern District of WV

**AMY THOMPSON, Individually
and as Parent of T.T.,
a minor under the age of 18 years,**

      **Plaintiff,**

**v.**                                    **Docket No.:**    **2:21-CV-1 (Kleeh)**

**DALTON SCOTT SMITH,
MACDONALD DELIVERY, INC., and
FED-EX GROUND PACKAGE SYSTEM, INC.**

      **Defendants.**

## COMPLAINT

**NOW COMES** the Plaintiff Amy Thompson, Individually and as Parent of T.T., a minor under the age of 18 years, by counsel Dino S. Colombo and Kala L. Sowers, and brings this complaint against the Defendants Dalton Scott Smith, MacDonald Delivery, Inc. and Fed-Ex Ground Package System, Inc., and hereby states as follows:

### JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff Amy Thompson and her minor daughter, T.T., maintained a principal residence in Maysville, Grant County, West Virginia.

2. Upon information and belief, at all times relevant hereto, Defendant Dalton Scott Smith ("Defendant Smith") was a resident of 10414 Red Maple Lane Ellerslie, MD.

3. Upon information and belief, at all times relevant hereto, Defendant MacDonald Delivery, Inc. ("Defendant MacDonald") was a corporation engaged in the delivery of goods organized under Maryland state law, with its principal place of business at 304 Sunset Drive Lavale, MD 21502; and which regularly did business in the state of West Virginia.

1

4. Upon information and belief, at all times relevant hereto, Defendant FedEx Ground Package System, Inc. ("Defendant FedEx") was a corporation engaged in the delivery of goods, organized under Delaware state law, with its principal place of business at 1000 FedEx Drive Moon Township, PA; and, which regularly did business within the state of West Virginia.

5. The incident that gives rise to this civil action is a motor vehicle collision that occurred on Route 42 in Petersburg, Grant County, West Virginia.

6. Based on the foregoing, the United States District Court for the Northern District of West Virginia has personal and subject matter jurisdiction over the civil action initiated by this Complaint.

**GENERAL ALLEGATIONS**

7. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through six (6) above as though fully rewritten herein, and the Plaintiff further alleges:

8. On January 26, 2019, at approximately 9:17 a.m., Amy Thompson was lawfully operating her 2016 Ford Explorer southbound on Route 42 in Petersburg, Grant County, West Virginia.  Plaintiff Amy Thompson's minor daughter, T.T., was in a properly restrained rear-seat passenger in this vehicle.

9. At or around the same time, Defendant Smith, an employee, agent, and/or servant of Defendant MacDonald and/or Defendant FedEx, was operating a 2012 Chevrolet cargo van, which was owned by Defendant MacDonald and/or Defendant FedEx, southbound on Route 42 in Petersburg, Grant County, West Virginia.

10. Plaintiff Amy Thompson lawfully slowed her vehicle for animals crossing in the roadway when Defendant Smith negligently failed to slow or stop his vehicle, causing a violent collision with the rear of Plaintiff Amy Thomson's vehicle.

11. As a result of this collision, Plaintiff Amy Thompson and her minor daughter, T.T., suffered serious physical injuries.

### COUNT I – NEGLIGENCE AS TO DEFENDANT SMITH

12. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through eleven (11) above as though fully rewritten herein, and the Plaintiff further alleges:

13. Defendant Smith, while in the course and scope of his employment and/or agency with Defendants MacDonald and/or Defendant FedEx, owed a duty of reasonable care to Plaintiff Amy Thompson and to her minor daughter, T.T., to operate his vehicle in a lawful manner and abide by all federal, state, and local traffic laws.

14. Defendant Smith breached his duty to Plaintiff Amy Thompson and to her minor daughter, T.T., by failing to maintain control of his vehicle; failing to maintain adequate distance between his vehicle and Plaintiff Amy Thompson's vehicle; and failing to slow and/or stop his vehicle for slowing and/or stopping traffic ahead.

15. As a direct and proximate result of Defendant Smith's negligent and careless behavior, Plaintiff Amy Thompson and her minor daughter, T.T., sustained serious physical injuries.

### COUNT II – VICARIOUS LIABILITY OF DEFENDANT MACDONALD AND DEFENDANT SMITH

16. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through fifteen (15) above as though fully rewritten herein, and the Plaintiff further alleges:

17. At the time of the vehicle collision in question, Defendant Smith was working as an agent, employee, and/or servant of Defendant MacDonald and/or Defendant FedEx.

18. At the time of the collision at issue, Defendant Smith was operating the subject 2012 Chevrolet cargo van within the course and scope of his employment or agency with the Defendant MacDonald and/or Defendant FedEx.

19. As such, Defendant MacDonald and/or Defendant FedEx are vicariously liable for the negligent, reckless, and careless conduct of their employee, agent, and/or servant that caused Plaintiff Amy Thompson and her minor daughter, T.T., to sustain injuries.

**WHEREFORE**, The Plaintiff, individually and on behalf of her minor daughter, T.T., requests relief from Defendants Smith, MacDonald, and FedEx, including but not limited to damages caused by the conduct of the Defendants as follows: all compensatory damages recoverable under West Virginia law, including but not limited to:

 a. Past physical and emotional pain and suffering;

 b. Future physical and emotional pain and suffering;

 c. Past mental anguish, emotional distress, annoyance, and inconvenience;

 d. Future mental anguish, emotional distress, annoyance, and inconvenience

 e. Past medical expenses;

 f. Future medical expenses;

 g. Past loss of enjoyment of life;

 h. Future loss of enjoyment of life;

 i. Lost wages;

and for the costs, expenses and fees incurred in pursuit of this action and for all of the relief to which she is entitled by law, including but not limited to, pre- and post-judgment interest on all amounts, attorney's fees, any other damages in an amount to be determined by the Jury upon proper proof presented at trial, and for such other relief as this Court deems proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**

> **AMY THOMPSON, Individually and as Parent of T.T., a minor under the age of 18 years, Plaintiff,**
>
> **By Counsel,**
>
>
> /s/ Kala L. Sowers
> **Dino S. Colombo (WV Bar No. 5066)**
> **Kala L. Sowers (WV Bar No. 11350)**
> Colombo Law
> 341 Chaplin Road, 2nd Floor
> Morgantown, WV 26501
> (304) 599-4229